IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN A. BROWNLEE, III, | : | |
| Plaintiff | : | |
| | : | No. 1:18-cv-01319 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**MEMORANDUM**

On June 29, 2018, the Court received and docketed a complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1), by pro se Plaintiff Jonathan A. Brownlee, III ("Plaintiff"), naming as Defendant the United States of America. Plaintiff has also filed a motion for leave to proceed in forma pauperis. (Doc. No. 7.) The Court will grant Plaintiff's motion for leave to proceed in forma pauperis, and pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), with leave to amend.

**I. BACKGROUND**

It appears that Plaintiff is currently incarcerated at the Lackawanna County Prison in Scranton, Pennsylvania. (Doc. No. 1 at 1.) Plaintiff alleges that an unnamed police officer from the Pocono Mountain Regional Police Department arrested him for failing to register under Pennsylvania's Megan's Law. (Id. at 2.) Plaintiff does not provide any dates when this alleged incident occurred. Plaintiff avers that he was imprisoned for almost a year when a "judge ruled that [he] was 'not guilty' of the Megan's law violation." (Id. at 3.) The final allegation within Plaintiff's complaint is that "because of the U.S. Government's doings[,]" he was imprisoned for almost a year. (Id.) Plaintiff seeks damages in the amount of eighty million dollars and an order that Plaintiff no longer needs to register for Megan's law. (Id.)

1

## II. LEGAL STANDARD

### A. Screening and Dismissing Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a

civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the context of pro se prisoner litigation specifically, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by

lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

B. **Section 1983 Standard**

In order to state a viable claim under Section 1983, a plaintiff must plead (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., No. 3:CV-08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008). Moreover, in order for a Section 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under Section 1983 under the traditional standard of respondeat superior. Santiago, 629 F.3d at 128. Instead, there are two theories of supervisory liability applicable to Section 1983 claims: (1) "a supervisor may be personally liable under [Section] 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under Section 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

## III. DISCUSSION

Plaintiff asserts that a police officer from the Pocono Mountain Regional Police Department arrested him for allegedly violating the registration requirements of Megan's Law. (Doc. No. 1 at 2.) As a result, Plaintiff alleges that he was unnecessarily imprisoned for almost a year until a judge "ruled that [he] was 'not guilty'" of violating Megan's law. (Id. at 3.) The only Defendant named in the complaint is the United States of America. (Id. at 1.)

To the extent Plaintiff alleges a violation of state law, such a claim is insufficient to state a claim under § 1983. See Giuffre v. Bissell, 31 F.3d 1241, 1257-58 (3d Cir. 1994); Kulwicki v. Dawson, 969 F.2d 1454, 1468 (3d Cir. 1992). This is so because § 1983 provides a remedy for the deprivation of rights protected by federal law rather than state law. See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120-21 (1992).

Additionally, Plaintiff's complaint against the sole Defendant, the United States, for eighty million dollars, must be dismissed based on principles of sovereign immunity. "The United States, as sovereign, is immune from suit, save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). The language of 42 U.S.C. § 1983 does not reach the actions of the federal government. See District of Columbia v. Carter, 409 U.S. 418, 425 (1973), reh'g denied, 410 U.S. 959 (1973). The statute was designed to protect private citizens from discrimination by other private citizens acting in an official capacity. The United States has yet to waive its immunity from suit under 42 U.S.C. § 1983. See Ricca v. United States, 488 F.Supp. 1317, 1325 (E.D.N.Y.1980). Accordingly, this Court is without proper subject matter jurisdiction to hear this claim.

**IV.     LEAVE TO AMEND**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962).  The court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  Id.  The court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court will grant Plaintiff leave to amend his complaint.  However, Plaintiff will not be granted leave to amend his 42 U.S.C. § 1983 claim against the United States, as any such amendment against the United States would be futile.  See Foman, 371 U.S. at 182.  Should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the original complaint.  The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights.  Mere conclusory allegations will not set forth a cognizable

claim. Should Plaintiff fail to file an amended complaint within thirty (30) days of this Memorandum's corresponding Order, the Court will close this matter.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 7), will be granted and Plaintiff's complaint (Doc. No. 1), will be dismissed with leave to amend as set forth above. An appropriate Order follows.