# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN A. BROWNLEE, III, : <br>     Plaintiff : <br> : <br> v. : <br> : <br> SGT. KENNETH LENNING, : <br>     Defendant : | No. 1:18-cv-1319 <br><br> (Judge Kane) |

## MEMORANDUM

Pro se Plaintiff Jonathan A. Brownlee, III ("Plaintiff"), who is currently incarcerated at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia ("USP Hazelton"), initiated the above-captioned action on June 29, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983. Presently before the Court is Plaintiff's motion requesting production of documents (Doc. No. 64), Plaintiff's second amended complaint (Doc. No. 66), Plaintiff's motion for leave to file a third amended complaint (Doc. No. 67), Defendant Sgt. Kenneth Lenning ("Lenning")'s motion to strike (Doc. No. 68) Plaintiff's motion requesting production of documents, Defendant Lenning's motion to dismiss Plaintiff's second amended complaint (Doc. No. 70), Plaintiff's motion requesting that the Court hold Defendant Lenning in contempt (Doc. No. 72), and Plaintiff's motion requesting that the Court withdraw his proposed third amended complaint due to misfiling (Doc. No. 79). The motion to dismiss and motion to strike have been fully briefed. For the following reasons, the Court will grant Defendant Lenning's motion to dismiss (Doc. No. 70), deny Plaintiff's motion for leave to file a third amended complaint (Doc. No. 67), deny the parties' remaining motions (Doc. Nos. 64, 68, 72, 79), and direct the Clerk of Court to close this case.

## I. BACKGROUND

### A. Procedural Background

Plaintiff's initial complaint was brought against the United States of America, alleging that an unnamed police officer from the Pocono Mountain Regional Police Department arrested him for failing to register under Pennsylvania's Megan's Law. (Doc. No. 1 at 2.) Plaintiff maintained that "because of the U.S. Government's doings[,]" he was imprisoned for almost a year. (Id. at 3.) By Memorandum and Order dated August 21, 2018, the Court granted Plaintiff leave to proceed in forma pauperis and dismissed his complaint with leave to amend. (Doc. Nos. 15, 16.)

Plaintiff subsequently filed an amended complaint against Defendant Lenning. (Doc. No. 34.) Defendant Lenning filed a motion to dismiss the amended complaint. (Doc. No. 54.) In a Report and Recommendation dated April 15, 2019, Magistrate Judge Carlson recommended granting Defendant Lenning's motion to dismiss and dismissing Plaintiff's amended complaint without prejudice to one final opportunity to amend. (Doc. No. 58.) In an Order dated May 2, 2019, the Court adopted the Report and Recommendation, overruled Plaintiff's objections, granted Defendant Lenning's motion to dismiss, dismissed Plaintiff's amended complaint, and directed him to file a second amended complaint within thirty (30) days. (Doc. No. 63.)

### B. Allegations of Second Amended Complaint

In his second amended complaint, Plaintiff alleges that on December 23, 2015, Defendant Lenning filed a "false felony charge" against him "resulting from his faulty and unlawful 'Megan's Law' registering compliance investigation which he led alone." (Doc. No. 66 at 1.) Plaintiff claims that this "faulty investigation culminated after [Defendant Lenning] accepted a false statement from Plaintiff's co-worker staying Plaintiff is non-employed." (Id.) Plaintiff

alleges that because of Defendant Lenning's actions, he "unduly suffered imprisonment while innocent from December 23, 2015 to February 2, 2017." (Id.)  He asserts claims of false arrest and false imprisonment and seeks an unspecified amount of damages.  (Id. at 1-2.)

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**B.     Section 1983 Standard**

To state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that

4

said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

## III. DISCUSSION

### A. Motion to Dismiss Plaintiff's Second Amended Complaint

Defendant Lenning first seeks dismissal of Plaintiff's second amended complaint because Plaintiff's claims against him are untimely. (Doc. No. 71 at 7-11.) The Supreme Court has instructed that 42 U.S.C. § 1983 claims are properly characterized as tort actions for the recovery of damages for personal injury, and that federal courts must borrow the statute of limitations governing personal injury actions from the state where § 1983 actions are brought. See Wilson v. Garcia, 471 U.S. 262, 275-76 (1985); Garvin v. City of Phila, 354 F.3d 215, 220 (3d Cir. 2003) (noting that there is a two-year statute of limitations for such actions in Pennsylvania); 42 Pa. Cons. Stat. Ann. § 5524. Additionally, a § 1983 "cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." See Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

Here, Plaintiff's false arrest claim accrued on December 23, 2015, when he was arrested on the charges brought against him. See Wallace, 549 U.S. at 389-90 & n.3; Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011) (concluding that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him").[1]

---

[1] Arguably, Plaintiff's false arrest claim could have accrued when he was arraigned on the charges. See Wallace, 549 U.S. at 397 (noting that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"). However, the public docket for Plaintiff's criminal proceedings reflects that a lower court bound Plaintiff over for further proceedings in the Court of Common Pleas on January 7, 2016. See Commonwealth v. Brownlee, Docket No. CP-45-CR-0000056-

Plaintiff's false imprisonment claim accrued on January 7, 2016, when Plaintiff was bound over for further proceedings in the Court of Common Pleas. See Commonwealth v. Brownlee, Docket No. CP-45-CR-0000056-2016 (C.C.P. Monroe Cty.); see also LeBlanc v. Snavely, 453 F. App'x 140, 142 (3d Cir. 2011) (noting that a "claim of false imprisonment accrues when a person is detained without legal process (the claim[] ends once that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges)"). Plaintiff, however, did not initiate the above-captioned action until approximately two and one-half (2 1/2) years later, in June of 2018, when he mailed his initial complaint to the Court for filing.[2]

In his brief in opposition, Plaintiff contends that the continuing violations doctrine applies to render his claims against Defendant Lenning timely. (Doc. No. 74 at 7-8.) This doctrine is an "equitable exception to the timely filing requirement," see West v. Phila. Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995), and applies "when a defendant's conduct is part of a continuing practice." See Randall v. City of Phila. Law. Dep't, 919 F.3d 196, 198 (3d Cir. 2019) (quoting Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)). In such cases, "so long as the last act [in] the continuing practice falls within the limitations period . . . the court will grant relief for the earlier related acts that would otherwise be time barred." See Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001).

---

2016 (C.C.P. Monroe Cty.). In any event, Plaintiff's false arrest claim is clearly untimely using either date as the date of accrual.

[2] Plaintiff dated his initial complaint June 24, 2018. (Doc. No. 1 at 4.) Under the prison mailbox rule, a filing by an inmate is completed when the complaint or other document is deposited with the prison mailing system. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Plaintiff suggests that the continuing violations doctrine applies because he was imprisoned on the charges filed by Defendant Lenning from December 23, 2015 until February 2, 2017. (Doc. No. 74 at 7-8.) The Third Circuit has noted, however, that "the continuing-violation doctrine focuses on continuing acts, not effects. . . . In other words, the doctrine relies on a defendant's continuing acts, not a plaintiff's continuing injuries." See Randall, 919 F.3d at 199. Here, Defendant Lenning arrested Plaintiff on December 23, 2015, but nothing in the second amended complaint suggests that he was the one who imprisoned Plaintiff until February 2, 2017. Plaintiff's continued detention was an effect of his arrest and prosecution, not an act by Defendant Lenning. See id. Thus, the continuing violations doctrine does not apply.

Next, Plaintiff argues that he "has always considered the statute of limitations to have begun upon the disposition of the criminal suit which addresses the identical matter." (Doc. No. 74 at 8.) He maintains a belief that "it was absolutely necessary to wait until the disposition of the criminal suit before filing a civil lawsuit in response." (Id.) As discussed above, however, the Supreme Court has explicitly rejected Plaintiff's argument, concluding that the statute of limitations for false arrest and false imprisonment claims "begins to run at the time the claimant becomes detained pursuant to legal process." See Wallace, 549 U.S. at 397.

Finally, Plaintiff appears to suggest that he is entitled to equitable tolling of the statute of limitations because he "was not aware it was possible to file a lawsuit pro se (representing oneself) until June[] 2018." (Doc. No. 74 at 8.) Equitable tolling applies "where the plaintiff has been prevented from asserting h[is] claim as a result of . . . extraordinary circumstances." See Kach v. Hose, 589 F.3d 626, 643 (3d Cir. 2009) (citation omitted). Plaintiff's ignorance of the law permitting pro se filings, however, "is not enough to invoke equitable tolling." See Sch.

Dist. of City of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981). Thus, the Court declines to apply equitable tolling to Plaintiff's claims.

In sum, Plaintiff's false arrest and false imprisonment claims against Defendant Lenning are barred by the statute of limitations, and neither the continuing violations doctrine nor equitable tolling apply to render them timely. Accordingly, the Court will grant Defendant Lenning's motion to dismiss, and will dismiss Plaintiff's second amended complaint as time-barred.[3]

### B. Leave to Amend/Plaintiff's Motion for Leave to File a Third Amended Complaint

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion

---

[3] Defendant Lenning maintains that dismissal is also appropriate because Plaintiff has failed to set forth plausible claims for false arrest and false imprisonment and because the Court lacks subject-matter jurisdiction. (Doc. No. 71 at 2.) In light of the Court's conclusion that Plaintiff's second amended complaint is time-barred, the Court declines to consider these alternative arguments.

8

to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

As noted supra, Plaintiff has filed a motion for leave to file a third amended complaint. (Doc. No. 67.) He seeks leave to amend to add Carrie Wyant, his former co-worker at Pizza Hut, as a defendant, and to assert a Federal Tort Claims Act ("FTCA") claim against Defendant Lenning.[4] For the following reasons, however, the Court finds that affording Plaintiff an opportunity to file a third amended complaint would be futile. See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that the futility exception mandates that a complaint, as amended, would fail to state a claim upon which relief may be granted).

Plaintiff asserts that Carrie Wyant is liable to him under § 1983 because she falsely told Defendant Lenning that Plaintiff was not employed while Defendant Lenning was investigating Plaintiff under Pennsylvania's Megan's Law. (Doc. No. 67-1 at 2-3.) A private party can be considered a state actor for purposes of § 1983 when he or she "is a 'willful participant in joint action with the State or its agents.'" See Pugh v. Downs, 641 F. Supp. 2d 468, 472 (E.D. Pa. 2009) (quoting Lugar v. Edmonson Oil. Co., 457 U.S. 922, 941 (1982)). However, the act of giving statements to the police, even if those statements are false, does not convert a private party to a state actor. See, e.g., Collins v. Christie, No. 06-4702, 2007 WL 2407105, at *4 & n.9 (E.D. Pa. Aug. 22, 2007) (finding no state action on the basis of giving statements to the police, even if those statements were knowingly false); Cooper v. Muldoon, No. 05-4780, 2006 WL

---

[4] On July 1, 2019, Plaintiff file a motion requesting the Court to withdraw his proposed third amended complaint as misfiled, due to his belief that pages were missing from the filed document. (Doc. No. 79.) Specifically, Plaintiff maintains that his proposed third amended complaint is missing paragraphs 1-21. (Id. at 1.) A review of the docket in this matter, however, reflects that Plaintiff's proposed third amended complaint is not missing paragraphs 1-21. (Doc. No. 67-1.) Accordingly, because Plaintiff's proposed third amended complaint is complete, the Court will deny Plaintiff's motion to withdraw it as misfiled (Doc. No. 79).

9

1117870, at *2 (E.D. Pa. Apr. 26, 2006) ("Merely calling the police [or] furnishing information to the police . . . does not . . . transform a private entity into a state actor."); cf. Bailey v. Harleysville Nat'l Bank & Trust, 188 F. App'x 66, 68 (3d Cir. 2006) ("[I]n the absence of a conspiracy with the police to violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor."). Thus, it would be futile to allow Plaintiff to amend to assert § 1983 claims against Carrie Wyant.

Plaintiff also seeks leave to amend to add an FTCA claim against Defendant Lenning. The FTCA provides a remedy in damages for the simple negligence of employees of the United States. See United States v. Muniz, 374 U.S. 150, 150 (1963). Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. See Simon v. United States, 341 F.3d 193, 200 (3d Cir. 2003). The United States is liable under the FTCA only for conduct by government employees that occurred while they were acting within their scope of employment. See Matsko v. United States, 372 F.3d 556, 559 (3d Cir. 2004).

As an initial matter, the United States of America is the only proper defendant in a case brought pursuant to the FTCA. See CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008). For that reason alone, Plaintiff cannot maintain an FTCA claim against Defendant Lenning. Moreover, nothing in the proposed third amended complaint alleges that Defendant Lenning is an employee of the United States. Rather, Plaintiff alleges that Defendant Lenning is employed by the Pocono Mountain Regional Police Department. (Doc. No. 67 at 1; Doc. No. 67-1 at 2.) For these reasons, it would be futile to allow Plaintiff to assert an FTCA claim against Defendant Lenning. Moreover, for the reasons discussed supra in Part III.A, it would be futile to allow Plaintiff leave to amend his false arrest and false imprisonment claims against Defendant

10

Lenning. Thus, the Court will deny Plaintiff's motion for leave to file a third amended complaint (Doc. No. 67).

C. **Remaining Motions**

Plaintiff has filed a motion pursuant to Rule 34 of the Federal Rules of Civil Procedure, requesting that Defendant Lenning produce various documents, including a copy of his police report, all documentation regarding his investigation into Plaintiff's compliance with Megan's Law, and a document indicating that Plaintiff was terminated from employment at Pizza Hut. (Doc. No. 64.) Defendant Lenning has moved to strike Plaintiff's motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. No. 68.) In turn, Plaintiff has moved for the Court to hold Defendant Lenning in contempt for failing to respond to his document requests. (Doc. No. 72.)

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion, however, is not a "pleading" contemplated by Rule 12(f). See Dance v. Pennsylvania, Civ. No. 3:18-1593, 2019 WL 423407, at *3 (M.D. Pa. Feb. 4, 2019); Birch-Min v. Middlesex Cty. Bd. of Soc. Servs., Civil No. 14-476-BRM-DEA, 2017 WL 1034371, at *3 (D.N.J. Mar. 16, 2017). Accordingly, Defendant Lenning's motion to strike will be denied.[5] Nevertheless, in light of the conclusion that Plaintiff's second amended complaint is time-barred, the Court will deny Plaintiff's motion for the production of documents and will deny his motion to hold Defendant Lenning in contempt.

---

[5] The Court agrees with Defendant Lenning, however, that under Local Rule 5.4(b), "[i]nterrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the court." M.D. Pa. L.R. 5.4(b).

11

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant Lenning's motion to dismiss (Doc. No. 70) and dismiss Plaintiff's second amended complaint (Doc. No. 66) with prejudice as time-barred. Plaintiff's motion for production of documents (Doc. No. 64), Plaintiff's motion for leave to file a third amended complaint (Doc. No. 67), Defendant Lenning's motion to strike (Doc. No. 68), Plaintiff's motion requesting the Court to hold Defendant Lenning in contempt (Doc. No. 72), and Plaintiff's motion requesting the Court to withdraw his proposed third amended complaint as misfiled (Doc. No. 79) will be denied. An appropriate Order follows.